#463981
Dabeer Roshanali
Jen g. meredith

# IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA
## CIVIL DIVISION

CASE NO: _____

PAULINE DIONNE
As Class Representative of
those similarly situated,

Plaintiff,

-v-

CHASE BANK USA, N.A.,

Defendant

**2011CAO 19148 XXXX MB**

**Legal Papers Served
(New York)**

**AE**

DEC 1 2 2011

☑ Inter-office Mail  ☐ Certified Mail
☑ Federal Express  ☐ Hand Delivery
☐ Fax ☐ U.S. Mail  ☐ Email ☐ UPS
Reviewed by: DEa 4003

2011 DEC -2 PM 12: 29
FILED
SHARON R. BOCK, CLERK
PALM BEACH COUNTY

**SUMMONS**

K. Hull-Hazel
Date: _____12/12_____

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on:
CHASE BANK USA, N.A.
200 White Clay Center Drive
Newark, Delaware 19711

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney:

Howard Feinmel, Esquire
5030 Champion Blvd.
PMB #G6-275
Boca Raton, FL 33496

within **20 days** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED:_____ DEC 0 2 2011

**SHARON R. BOCK, ESQUIRE**
As Clerk of the Court

By:_____
**As Deputy Clerk**

EDNA SMITH

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

Personal Service
12-8-11
4:17 PM



EXHIBIT
A

## IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA
### CIVIL DIVISION

CASE NO.:_____

Copy

PAULINE DIONNE
As Class Representative of
those similarly situated
Plaintiff,

2011CA0 19148 XXXXMB
AE

-vs-

CHASE BANK USA, N.A.,
Defendant,

COPY
RECEIVED FOR FILING
DEC 02 2011
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

_____/

## CLASS REPRESENTATION
## CLASS ACTION COMPLAINT

### GENERAL AVERMENTS

1.      CHASE BANK USA, N.A., ("Defendant") is a National Bank authorized to do business in Florida. Defendant operates retail banking locations throughout Florida.

2.      Defendant has sufficient contacts with Florida and intentionally avails itself of markets in Florida through the promotion, marketing and sale of financial products and services in Florida, such that the exercise of personal jurisdiction by the Court over Defendant is permissible under traditional notions of fair play and substantial justice.

3.      PAULINE DIONNE ("Plaintiff") is a party to a credit card contract with Defendant. The terms of the credit card contract provide that if Plaintiff was dissatisfied with the good or services that he purchased with the credit card and Plaintiff tried in good faith to correct

the problem with the merchant, Plaintiff may have the right not to pay the remaining amount due on the purchase. A copy of the contract is attached hereto.

4. The credit card contract provides that in order for Plaintiff to use this right, all of the following must be true:

    a. The purchase must have been made in Plaintiff's home state or within 100 miles of Plaintiff's mailing address, and the purchase price must have been more than $50.

    b. Plaintiff must have used the credit card for the purchase; and

    c. Plaintiff must not have fully paid for the purchase.

5. The contract further provides that if the criteria mentioned in paragraphs 4a-c are met and Plaintiff is still dissatisfied with the purchase, Plaintiff should contact Defendant in writing at the address for billing inquiries.

6. The contract states that while Defendant investigates, the same rules apply to the disputed amount as discussed above and that after Defendant finishes its investigation, Defendant would notify Plaintiff of its decision; and that if at that point Defendant thought that Plaintiff owed the amount, and Plaintiff did not pay, Defendant may report Plaintiff as delinquent.

7. Prior to the initiation of this litigation, Plaintiff contacted Defendant in writing indicating that Plaintiff was not satisfied with services Plaintiff purchased with her credit card and that Plaintiff tried in good faith to correct the problem with the merchant.

8. Plaintiff has performed all conditions precedent to be performed or the conditions have occurred.

2

9.     Prior to conducting an investigation, Defendant represented to Plaintiff that he: "was required to contact Defendant in writing within 60 days of the charges appearing on Plaintiff's statement and that Plaintiff was responsible to pay for the purchases."

10.     In reliance upon the representation made by Defendant, Plaintiff paid for the purchases.

11.     Jurisdiction lies with the Circuit Court as this is a Class Action seeking damages in excess of $15,000 but not in excess of $5,000,000 and other injunctive relief.

12.     Defendant employs a uniform policy and process for all cardholders who notify Defendant in writing that they are dissatisfied with the goods or services purchased with a credit card after 60 days of the charges appearing on the cardholder's statement.

## CLASS REPRESENTATION ALLEGATIONS

13.     Once a cardholder has notified Defendant in writing as described in paragraph 7, Defendant represents that the cardholder is responsible for the purchase because the cardholder failed to notify Defendant in writing within 60 days of the charges appearing on the cardholder's statement.

14.     Once the cardholder relies upon the representations made by Defendant and pays for the purchase, Defendant then informs Plaintiff that since they have paid for the purchase, they have waived their right to withhold payment pursuant to the credit card contract.

15.     The Class Cardholders and Plaintiff meet the requirements for Class certification under Rule 1.220(b)(1) and (b)(2), Fla.R.C.P.:

     a.  Numerosity:     The proposed Class, which consists of over 100 past and present cardholders, is so numerous that joinder of all members is impractical.

3

b. Commonality:    There are questions of law and fact which are common to the Class, including whether requiring the cardholder to notify Defendant within 60 days of the charges appearing on the cardholder's statement is an intentional and unlawful practice to induce the cardholder to pay for a charge that contractually, the cardholder is not obligated to pay, and whether Defendant unjustly enriched themselves by the activities described herein.

c. Typicality:    Plaintiff, PAULINE DIONNE's, claim is typical of those of the Class Cardholders.  Plaintiff was subjected to the same uniform policy and process for all cardholders who notify Defendant in writing that they are dissatisfied with the goods or services purchased with a credit card after 60 days of the charges appearing on the cardholder's statement.  Plaintiff alleges the same type of injuries due to Defendant's conduct, to wit: actual damages for repayment of the principal amount of the purchases and payment of finance charges applied to the principal amount of the purchases.  Plaintiff has the same interest as Class Cardholders in recovering damages from Defendant.

d. Adequacy:    Plaintiff will fairly and adequately represent and protect the interests of the Class Cardholders, and Plaintiff has no interest antagonistic to those of the class. Furthermore, Plaintiff has retained counsel who is competent, experience and committed.

e. Class Action under Rule 1.220(b)(3)- Predominance and Superiority: The common issues outline herein predominate over any individual issues in the case and will be the focus of this litigation.  Furthermore, a class action is superior to the other available methods of the fair and efficient adjudication of this controversy for the following reasons: (i) it is economically impracticable for Class Cardholders to prosecute individual actions because the individual claims are so small; (ii) Plaintiff is aware of no other litigation concerning this controversy already commenced by the Class Cardholders; (iii) it is desirable to concentrate

4

these claims in a single forum because no member of the Class has sustained damages sufficient to warrant litigation of the claims separately; (iv) these are no difficulties likely to be encountered in the management of the class action.

## COUNT 1
## BREACH OF CONTRACT

16.     Paragraphs 1 through 15 are herein re-alleged.

17.     Class Cardholders and Plaintiff entered into a contract with Defendant.

18.     The Class Cardholders and Plaintiff have performed all conditions precedent to be performed or the conditions have occurred.

19.     Defendant breached the contract by misrepresenting that the Class Cardholders and Plaintiff were required to notify Defendant in writing within 60 days of charges appearing on the cardholder's statement when the charges were made for the purchase of goods and services that the Class Cardholders and Plaintiff were not satisfied with.

20.     As a direct and proximate result of Defendant's breach, the Class Cardholders and Plaintiff suffered damages.

**WHEREFORE,** Class Cardholders and Plaintiff pray that this Court certify them as a class action and award them actual damages, court costs, attorney fees and to further enjoin Defendant from continuing said practices.  Class Cardholders and Plaintiff further demand a trial by jury on all issues triable by a jury.

## COUNT II
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

21.     Paragraphs 1-15 are herein re-alleged.

22.     Florida Courts have held unequivocally that the rights conferred by the implied covenant of good faith and fair dealing are limited to the agreed terms of the contract. *See Hospital Corp. of America v. Florida Med. Ctr., Inc., 710 So2d 573,575 (Fla.4th DCA 1988).*

23.     In Florida, the implied covenant of good faith cannot be maintained in the absence of breach of an express contract provision.

24.     The Restatement (Second) of Contracts notes that every contract imposes on each party a duty of good faith and fair dealing in its performance and enforcement.

25.     A comment to the Restatement states that "good faith performance or enforcement of a contract emphasized faithfulness to an agrees common purpose and consistency with the justified expectation of the other party; it excludes a variety of types of conduct characterized as involving "bad faith" because they violate community standards of decency, fairness, or reasonableness." *See Restatement (Second) of Contracts Section 205 comment a (1981).*

26.     Further, "good faith" requires that the parties to a contract be honest in fact.

27.     Class Cardholders and Plaintiff entered into a contract with Defendant.

28.     The Class Cardholders and Plaintiff have performed all conditions precedent to be performed or the conditions have occurred.

29.     Defendant breached the contract by misrepresenting that the Class Cardholders and Plaintiff were required to notify Defendant in writing within 60 days of charges appearing on

the cardholder's statement when the charges were made for the purchase of goods and services that the Class Cardholders and Plaintiff were not satisfied with.

30.     Defendant breached the implied covenant of good faith and dealing by falsely representing to the Class Cardholders and Plaintiff that the Class Cardholders and Plaintiff were required to notify Defendant in writing within 60 days of charges appearing on the cardholder's statement when the charges were made for the purchase of goods and services that the Class Cardholders and Plaintiff were not satisfied with.

31.     As a direct and proximate result of Defendant's breach, the Class Cardholders and Plaintiff suffered damages.

**WHEREFORE,** Class Cardholders and Plaintiff pray that this Court certify them as a class action and award them actual damages, court costs, attorney fees and to further enjoin Defendant from continuing said practices.  Class Cardholders and Plaintiff further demand a trial by jury on all issues triable by a jury.

## COUNT III
## UNJUST ENRICHMENT

32.     Paragraphs 1-15 are herein re-alleged.

33.     This count is being pled in the alternative to Class Cardholder and Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims. Class Cardholder and Plaintiff concede that, so long as the contract based claims are found meritorious, they will not need to pursue this claim for unjust enrichment.

34.     The Class Cardholder and Plaintiff conferred a benefit upon Defendant by paying for a charge that the Class Cardholder and Plaintiff were not required to pay.

35.     Defendant had knowledge of the benefit and retained the conferred benefit.

7

36.    Under the circumstances it would be inequitable for Defendant to retain the benefit without paying for it.

**WHEREFORE,** Class Cardholders and Plaintiff pray that this Court certify them as a class action and award them actual damages, court costs, attorney fees and to further enjoin Defendant from continuing said practices. Class Cardholders and Plaintiff further demand a trial by jury on all issues triable by a jury.

Dated:_____

Respectfully submitted,

_____
Howard Feinmel
FBN 169293
5030 Champion Boulevard
G6-275
Boca Raton, FL 33496
Tel. 561-910-5985
Fax: 564-214-9963
Attorney for the Plaintiff

8

# EXHIBIT A

# CARDHOLDER AGREEMENT

## YOUR BILLING RIGHTS: KEEP THIS DOCUMENT FOR FUTURE USE

This notice tells you about your rights and our responsibilities under the Fair Credit Billing Act.

### What To Do If You Find A Mistake On Your Statement

If you think there is an error on your statement, contact us *in writing* at the Customer Service address *or electronically* at the website address as shown on your billing statement. In your communication, give us the following information:

- *Account information:* Your name and account number.
- *Dollar amount:* The dollar amount of the suspected error.
- *Description of problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us:

- Within 60 days after the error appeared on your statement.
- At least 3 business days before an automated payment is scheduled, if you want to stop payment on the amount you think is wrong.

You must notify us of any potential errors *in writing or electronically.* You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

### What Will Happen After We Receive Your Written or Electronic Communication

When we receive your communication, we must do two things:

1. Within 30 days of receiving your communication, we must tell you that we received it. We will also tell you if we have already corrected the error.
2. Within 90 days of receiving your communication, we must either correct the error or explain to you why we believe the bill is correct.

While we investigate whether or not there has been an error:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

After we finish our investigation, one of two things will happen:

- *If we made a mistake:* You will not have to pay the amount in question or any interest or other fees related to that amount.

• *If we do not believe there was a mistake:* You will have to pay the amount in question, along with applicable interest and fees. We will send you a statement of the amount you owe and the date payment is due. We may then report you as delinquent if you do not pay the amount we think you owe.

If you receive our explanation but still believe your bill is wrong, you must contact us *in writing or electronically* within 10 days telling us that you still refuse to pay. If you do so, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us.

If we do not follow all of the rules above, you do not have to pay the first $50 of the amount you question even if your bill is correct.

*Your Rights If You Are Dissatisfied With Your Credit Card Purchases*

If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, all of the following must be true:

1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us *in writing* at the Customer Service address or electronically at the website address shown on your billing statement. While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent.

Copyright ©2011 JPMorgan Chase & Co. All rights reserved.

12

Additional Information

# EXHIBIT B

# AFFIDAVIT

## AFFIDAVIT OF PAULINE DIONNE

STATE OF _Florida_

COUNTY OF _Highlands_

On this day personally appeared before me, the undersigned authority, Pauline Dionne who is personally known by me or has produced identification to me, who first being duly sworn deposes and says:

1.    I am over the age of eighteen and otherwise *sui juris*.

2.    The statements made herein are made upon my personal knowledge and reasonable belief.

3.    I was dissatisfied with a purchase that I made with my credit card.

4.    I tried in good faith to correct the problem with the merchant that processed the credit card purchase.

5.    I contacted the credit card issuing bank in writing pursuant to my cardholder agreement and the bank informed me that I was required to notice them within 60 days of the purchase appearing on my monthly statement.

6.    In reliance on the statement made by the bank, I paid for the purchase.

**FURTHER AFFIANT SAYETH NAUGHT**

_Pauline Dionne_
Pauline Dionne

Sworn to and subscribed before me this 28th day of _October_, 2011.

_Andrea R Pallottini_
NOTARY PUBLIC
Printed Name of Notary Public
_Andrea R. Pallottini_
My Commission Expires:
_4/10/2015_

ANDREA R. PALLOTTINI
Notary Public - State of Florida
My Comm. Expires Apr 10, 2015
Commission # EE 82465